**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4502

DWAYNE CLARK, a/k/a Bill,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-96-192-S)

Submitted: April 16, 1998

Decided: May 1, 1998

Before WILKINS and HAMILTON, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert T. Durkin, Jr., Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Christine Manuelian, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dwayne Clark pled guilty to conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. § 846 (1994). He was sentenced to 262 months' imprisonment and five years of supervised release. He timely appealed the judgment of conviction and sentence. Finding no error, we affirm.

Clark contends that the district court erred by adjusting his sentence upward by three levels under U.S. Sentencing Guidelines Manual § 3B1.1(b) (1995). A three-level upward adjustment is due "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." See USSG§ 3B1.1(b). Such a factual determination is reviewable for clear error, United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992), and the testimony of a credible government witness is sufficient to support the adjustment. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3708 (U.S. Apr. 22, 1996) (No. 95-8395).

Clark's plea agreement contained stipulations of fact sufficient to warrant the adjustment. Further, the adjustment was supported by the testimony of a codefendant at sentencing, which the district court found credible. We find that the district court's upward adjustment under § 3B1.1(b) was not clearly erroneous.* Accordingly, we affirm Clark's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
*Clark filed a pro se supplemental brief, expanding counsel's challenge to the sentencing adjustment under 3B1.1(b). We have considered the supplemental brief, but find his claims meritless. See Hyppolite, 65 F.3d at 1159; Harriott, 976 F.2d at 202.

2